**In re Kenneth George DRESKE, Debtor.**

**DOMINICAN FATHERS OF WINONA, Plaintiff,**

**v.**

**Kenneth George DRESKE, Debtor, Defendant.**

**Bankruptcy No. 82–02254.
Adv. No. 82–1491.**

United States Bankruptcy Court, E.D. Wisconsin.

Dec. 14, 1982.

---

James J. Pauly, Borgelt, Powell, Peterson & Frauen, S.C., Milwaukee, Wis., for plaintiff.

Carlton Roffa, Milwaukee, Wis., for defendant debtor.

## MEMORANDUM DECISION AND ORDER REGARDING THE AUTOMATIC STAY OF SECTION 362

D.E. IHLENFELDT, Bankruptcy Judge.

This adversary proceeding concerns the effect of the stay of s. 362 of the Bankruptcy Code upon a real estate mortgage foreclosure action which took place in Winona County, Minnesota. The foreclosure action was brought by Dominican Fathers of Winona (Dominican), a Minnesota corporation, as plaintiff mortgagee, against Winona Heights Partnership, Donald G. Dreske, Karen Wiggins, Kenneth G. Dreske and George R. Dreske. The complaint described Winona Heights Partnership (Partnership) as a partnership organized under Wisconsin law, and Kenneth Dreske (Dreske) as one of its general partners, and recited that the Partnership executed and delivered to Dominican a note and mortgage on certain Winona County real estate. It stated further that Dreske as a general partner was jointly liable for payment of the note.

A default judgment was entered on February 13, 1981 in favor of Dominican and against the defendants in the total sum of $376,200.46. The judgment directed sale of the real estate subject to the right of redemption as provided by Minnesota law, and on June 19, 1981, the property was sold by the Sheriff of Winona County to Dominican for the sum of $325,000. On July 8, 1981, an order confirming the sale was entered by the Minnesota District Court for Winona County, as well as a deficiency judgment against the defendants in the sum of $63,432.61. The court is advised that Minnesota law provides a one year period of redemption following the order of confirmation. Dreske filed a petition under chapter 11 of the Bankruptcy Code on July 7, 1982.

This adversary proceeding came on for hearing on December 10, 1982, at which time the foregoing facts appeared. In its complaint, Dominican sought "a declaratory ruling with respect to the effect of the stay [of s. 362] on the period of redemption and if the Bankruptcy Court rules that the stay tolls the period of redemption, the plaintiff

seeks relief of the stay." The defendant debtor, Dreske, moved to dismiss for failure to state a claim on which relief can be granted.[1]

The actions of both parties reflect a lack of knowledge of bankruptcy principles applicable to the facts as presented. Aside from the indebtedness to Dominican, Dreske's schedules list as creditors only four small charge accounts, to wit, Gimbels, Penney's, Sears and Visa, in the total sum of $1350. His proposed plan, filed shortly before the hearing, declares that the real estate which was the subject of the foreclosure action "is reasonably appraised at $1,600,000.00" and proposes that Dreske be given a period of nine months to sell the real estate and pay the deficiency in full. It seems fairly obvious that the sole purpose in filing the chapter 11 case was an eleventh hour attempt to stay the foreclosure proceedings.[2] Dreske's chapter 11 petition misses the mark, as does Dominican's request for a ruling on the effect of the stay on the period of redemption.[3]

What both parties have overlooked is the primary rule in bankruptcy cases, in considering a problem involving partners or partnerships, that a partnership is a distinct legal entity separate and apart from the partners who formed it. 1A Collier on Bankruptcy (14th ed.) Para. 5.03; *Turner v. Central Nat'l. Bank,* 468 F.2d 590 (7th Cir. 1972); *Liberty Nat'l. Bank v. Bear,* 276 U.S. 215, 48 S.Ct. 252, 72 L.Ed. 536 (1928); *In re Aboussie Brothers Construction Co.,* 3 CBC2d 684, 8 B.R. 302, 7 BCD 309 (D.C. 1981). The Bankruptcy Reform Act of 1978 continues the entity principle. The very availability of the bankruptcy liquidation and reorganization processes to partnerships is a recognition of their existence as entities. Rosenberg, *Partnership Reorganization Under the Bankruptcy Reform Act,* 56 N.Y.U.L.Rev. 1173, 1177 (1981). Under the Bankruptcy Code, with some exceptions, a "person" may be a debtor under chapter 7 (s. 109(b)) or chapter 11 (s. 109(d)), and a partnership is a "person" as defined in s. 101(30) of the Code.

When Dreske filed under chapter 11, a bankruptcy estate was created, comprising all of Dreske's *personal* legal or equitable interests in property as of the commencement of the case (s. 541), and it is to that estate that the automatic stay of s. 362 applied. Dreske had no interest in the real estate which was the subject of the foreclosure action.[4] As a matter of fact, the schedules filed by Dreske list no real estate whatsoever as belonging to him. The only interest that he had was the right

---

1. Dominican's complaint also objected "to any discharge herein", and Dreske's motion asked that Dominican's complaint be made more definite and certain in that respect. When told there is no "discharge" as such in a chapter 11 case, Dominican's attorney said his intention had been to oppose confirmation of any plan that Dreske might file. He disclaimed any intent to have Dominican's deficiency judgment declared nondischargeable pursuant to s. 523 of the Bankruptcy Code. In fact, no plan had even been filed at the time the adversary proceeding was commenced.

2. Dreske faces other problems not now before the court, for example, the matter of good faith in the filing of the petition. *Weathersfield Farms, Inc. v. First Inter-state Bank,* 5 CBC2d 315, 15 B.R. 282 (DVt.1981) (DJ Holden). Also, Dreske's attorney argued that Dominican would not be impaired under his proposed plan, and would be deemed to have accepted by virtue of s. 1126(f), thus meeting the requirement of s. 1129(a)(10) that at least one class of claims has accepted the plan. In this he is mistaken. Section 1129(a)(10) requires the *affirmative* vote of at least one class that is impaired under the plan. *In re Pine Lake Village Apartment Co.,* 6 CBC2d 713, 19 B.R. 819, 8 BCD 1402 (Bkrtcy. SDNY 1982); *In re Economy Cast Stone Co.,* 5 CBC2d 1338, 16 B.R. 647, 8 BCD 807 (Bkrtcy. EDVa 1981).

3. In view of the factual situation presented, the court does not deem it necessary to discuss whether or not s. 362 tolls the period of redemption, an issue as to which the cases are in some disagreement.

4. Property can be acquired in the partnership name, as was done in this case, and when so acquired can be conveyed only in the partnership name, Uniform Partnership Act, s. 8(3); Wis.Stats. (1979–80) s. 178.05(3). At the hearing, Dreske's attorney argued that Dreske had some sort of equitable interest in the real estate through his interest in the partnership, but he did not dispute that actual title to the property was in fact in the partnership.

to demand and receive the individual partner's interest, if any, in the partnership assets after an accounting and payment of partnership debts out of the property belonging to the partnership. *Turner v. Central Nat'l. Bank, supra* at p. 591. "When a partner is a debtor in a case under title 11, the partner's *interest in the partnership* in which such partner is a partner is property of the partner's estate under 11 U.S.C. 541(a)(1)." H.R. Report 95–595 at page 199, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6159 (emphasis added).

When Dreske filed his chapter 11 petition, the automatic stay provided by s. 362 undoubtedly barred Dominican from taking any steps to collect the deficiency judgment from Dreske or from levying on any property belonging to him, including his interest in the partnership. It had no application, however, to the real estate or the period of redemption which were involved in the mortgage foreclosure action. That real estate belonged to the Partnership, and was not a part of the bankruptcy estate which was created when Dreske filed his chapter 11 petition. Accordingly,

IT IS ORDERED that Dominican Fathers of Winona, a Minnesota corporation, is not stayed from continuing with its foreclosure action in Winona County, Minnesota by virtue of Kenneth George Dreske having filed a chapter 11 petition in the Eastern District of Wisconsin on July 7, 1982, provided however, that it is stayed by section 362 of the Bankruptcy Code from any act to collect its deficiency judgment from Dreske, or from levying on any property belonging to Dreske, including his interest in the partnership.