**In re Glen Roy WALLEN and Donna Mae Wallen, husband and wife, farming operation and also doing business as North Idaho Cowboy Bar, Debtors in possession.**

**Bankruptcy No. 84–00863.**

United States Bankruptcy Court, D. Idaho.

Oct. 19, 1984.

Manderson L. Miles of Knowlton & Miles, Lewiston, Idaho, for debtors in possession.

Kim J. Trout, Lewiston, Idaho, for Ron Hazel.

## MEMORANDUM DECISION

ALFRED C. HAGAN, United States Magistrate.

Glen and Donna Wallen, debtors in a chapter 11 proceeding, have moved to exclude Ron Hazel from participating in the management of the North Idaho Cowboy Bar, in which the Wallens and Hazel were partners. The Wallens also seek to prevent Hazel from removing any property from the business premises, from paying any expenses out of business funds and, apparently, from purchasing food or liquor from the business on credit. Hazel objects to the Wallens' motion.

■ "The commencement of a case under ... [Title 11, U.S.C.] creates an estate ... [which] is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The partnership interest which an individual debtor holds at the commencement of a bankruptcy proceeding is part of that debtor's estate. However, the nature and extent of that partnership interest is determined by reference to state law. Idaho Code § 53–324 provides that the property rights which an individual holds by virtue of his interest in a partnership are

1. His rights in specific partnership property.

2. His interest in the partnership.

3. His right to participate in the management.

A partner's right in specific partnership property is further defined in I.C. § 53–325.

■ These property rights became part of the debtors' estate upon the commencement of the case. To the extent of these rights, this Court can exercise authority over the partnership. However, the debtors seek to have this Court exert authority in excess of that allowed by the partnership rights held by the estate; they seek to have the Court exert authority over the partnership interest and rights of a partner in the partnership who is not a debtor before this Court. While the debtors

**410**

present an argument which is appealing on its face, i.e. to protect the assets that underly the debtors' partnership interest, I conclude that this Court does not have the authority to grant their motion.

 A partnership is a distinct legal entity, separate from the partners who formed it. *In re Dreske*, 25 B.R. 268 (Bankr.E.D.Wisconsin 1982). A partnership may file a voluntary petition under chapter 7 or 11, 11 U.S.C. §§ 301, 101(3), and a general partner may file an involuntary petition against a partnership. 11 U.S.C. § 303(b)(3). Only in such a situation are the assets of the partnership part of the estate and subject to the Court's control. Only then may this Court act to prevent any allegedly wrongful disposition of partnership property. See *In re Venture Properties, Inc.*, 37 B.R. 175 (Bankr. D.New Hampshire 1984).

The debtors' motion is denied.