**In the Matter of Gary Lee NEWMAN, Debtor.**

**E.A. MARTIN MACHINERY CO., Appellee,**

v.

**Thomas L. WILLIAMS, Trustee, Appellant.**

**No. 88–1297.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 19, 1988.

Decided May 22, 1989.

Thomas L. Williams, Joplin, Mo., for appellant.

Carson W. Elliff, Springfield, Mo., for appellee.

Before JOHN R. GIBSON, WOLLMAN, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Thomas L. Williams, trustee for the bankruptcy estate of Gary Lee Newman (debtor), appeals from the final order of the district court[1] holding in favor of appellee E.A. Martin Machinery Company (Martin Machinery) on the trustee's adversary action alleging that Martin Machinery was the initial transferee of an avoidable postpetition transfer of bankruptcy estate property. We affirm.

On March 4, 1985, the debtor filed a Chapter 7 petition in bankruptcy. According to the debtor's statement of affairs, he had not transferred any property within one year preceding the filing of his bankruptcy petition and was not engaged in a partnership. The only personal property listed by the debtor in his schedules was $270 in a bank account, two bulldozers, an adding machine, hand tools, and a cutting torch.

On March 11, 1985, the debtor sold a Caterpillar 941 trackloader to Martin Machinery in exchange for a $20,000 credit towards the price of another piece of equipment which the debtor and his wife jointly purchased. After learning of this transaction, the trustee filed an adversary complaint against Martin Machinery, seeking to avoid the postpetition transfer of the 941 track-loader under 11 U.S.C. § 549(a), which provides in relevant part that the trustee may avoid an unauthorized "transfer of property of the estate * * * that occurs after the commencement of the case." The trustee sought recovery of the value of the transferred 941 track-loader on the ground that Martin Machinery was the initial transferee of the track-loader. *See* 11 U.S.C. § 550(a)(1).

The evidence adduced before the bankruptcy court revealed that the debtor purchased the 941 track-loader on March 23, 1984, and according to Uniform Commercial Code financing agreements, the debtor was the sole owner. The track-loader was an asset of the debtor's construction business, which he initially ran as a sole proprietorship. The debtor was married on October 16, 1984. Both prior to and after his marriage, the debtor's wife contributed capital to the business, performed bookkeeping duties, and generally helped support the business. In addition, she borrowed money to purchase a truck that was titled in her name, but was used in the business and carried the business's name on its doors. Although she was not paid a salary, the debtor's wife did share in the business profits, and when she needed money, she wrote a check on the business bank account. The bank account was in the names of both the debtor and his wife, and each was an authorized user. Immediately prior to filing bankruptcy, the debtor closed out the bank account, writing a check in the amount of $5,900 to his wife. According to the debtor, he and his wife were engaged in business together between October 1984 and March 1985. The debtor considered his wife an owner of the business of which the 941 track-loader was an asset; however, it was the debtor's understanding that they had not formed a partnership.

The bankruptcy court found that the debtor's wife had no interest in her hus-

---

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

band's business or the 941 track-loader, and thus concluded that Martin Machinery was the initial transferee of the track-loader. As such, the bankruptcy court held that the trustee was entitled to recover from Martin Machinery $20,000 plus interest from March 11, 1985, leaving Martin Machinery as a creditor of the bankruptcy estate. 59 B.R. 670 (Bankr.W.D.Mo.1986).

On appeal to the district court, Martin Machinery argued, inter alia, that the debtor's wife's contributions of capital and labor, and the sharing of the business's profits rendered clearly erroneous the bankruptcy court's finding that the debtor and his wife had not entered into a partnership agreement. According to Martin Machinery, the 941 track-loader was a partnership asset of which the debtor's wife became the initial transferee when the partnership was formed—Martin Machinery was merely a "mediate good faith transferee" under 11 U.S.C. § 550(b)(2). The district court agreed and reversed the bankruptcy court's judgment.

In this timely appeal, the trustee argues that the district court erroneously reviewed the evidence de novo and made its own findings of fact, ignoring the bankruptcy court's assessment of witness credibility, particularly with regard to the issue of partnership existence.

Like the district court, this court may not disturb a bankruptcy court's factual findings unless they are clearly erroneous. We, like the district court, review matters of law de novo. *In re Martin*, 761 F.2d 472, 474 (8th Cir.1985). "[W]here the facts in the case are undisputed, or are susceptible of only one inference, * * * the question whether a partnership exists * * * is one of law for the court." 68 C.J.S. *Partnership* § 59 (1950) (footnotes omitted); *see also Kolb v. Dietz*, 454 S.W.2d 632, 635 (Mo.Ct.App.1970). After carefully reviewing the entire record, we find no disputed facts relative to the issue of partnership existence. The debtor's testimony that he was not engaged in a partnership, as well as the statement of affairs indicating the same, were legal conclusions which the debtor was not qualified to reach.

Under Missouri law, "[a] partnership is an association of two or more persons to carry on as co-owners a business for profit." Mo.Rev.Stat. § 358.060.1. "A partnership agreement may be oral or written, express or implied from * * * the conduct of the parties, the primary criterion being the intention of the parties. Intent to form a partnership is not necessary. It is the parties' intent to enter a relationship which in law constitutes a partnership." *Bernard McMenamy Contractor, Inc. v. Kitchen*, 692 S.W.2d 817, 820 (Mo.Ct.App. 1985) (citations omitted). The sharing of profits is prima facie evidence of a partnership. Mo.Rev.Stat. § 358.070(4).

■ Applying the above-stated principles to the case at bar, we hold that the trustee's argument should not prevail. The underlying facts are undisputed and conclusively support the district court's determination that the Newmans entered into a partnership relationship. We believe, however, that the trustee's adversary complaint fails for the reason that the 941 track-loader was not "property of the estate," and not for the reason that Martin Machinery was a mediate transferee, a status which we reject.

The most basic requirement of 11 U.S.C. § 549(a) is a "transfer of property of the estate." A bankruptcy estate is comprised of all the debtor's legal or equitable interests in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). For bankruptcy purposes, a partnership is generally recognized as a separate and distinct entity from its partners. *Liberty Nat. Bank v. Bear*, 276 U.S. 215, 220–21, 48 S.Ct. 252, 253–54, 72 L.Ed. 536 (1928); *In re Aboussie Bros. Constr. Co.*, 8 B.R. 302, 303 (E.D.Mo.1981). "Where the debtor is a member of a partnership, the debtor's interest in the partnership is included in the estate. However, assets held by the partnership itself are not included in the estate * * *." 8A C.J.S. *Bankruptcy* § 118 (1988) (footnotes omitted); *see also In re Dreske*, 25 B.R. 268, 271 (Bankr.E.D.Wis. 1982). The nature and extent of the partnership interest is determined by state law.

*In re Wallen,* 43 B.R. 408, 409 (Bankr.D. Idaho 1984).

Under Missouri law, a partnership bestows rights upon its partners in specific partnership property, such rights being in the nature of a tenancy in partnership. Mo.Rev.Stat. § 358.250.1. "All property originally brought into the partnership stock or subsequently acquired by purchase or otherwise, on account of the partnership is partnership property." *Id.* § 358.080.1. Moreover, "[a] partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership." *Id.* § 358.250.2(3).

■ Applying these principles to the case at bar, we conclude that because the transfer which the trustee sought to avoid involved partnership property in which the debtor had no interest aside from his right to demand his individual partner's share, there was no transfer of the debtor's estate. Therefore, the trustee may not avoid the transaction under 11 U.S.C. § 549(a), or recover the property under 11 U.S.C. § 550(a)(1). *Cf. In re Caudy Custom Builders, Inc.,* 31 B.R. 6, 9 (Bankr.D.S.C. 1983) (though debtor held legal title, trustee could not avoid mortgage of partnership property under 11 U.S.C. § 547(b), as there was no transfer of "property of the debtor"; trustee's only interest in partnership property was right to demand partner's share after an accounting and payment of partnership liabilities).

Accordingly, the district court judgment is affirmed. *See Morfeld v. Kehm,* 803 F.2d 1452, 1453 (8th Cir.1986) (this court may affirm district court's ruling on any ground supported by the record).