In re Stanley N. OLSZEWSKI and Mary M. Olszewski DBA Stan's IGA, Debtors.

Alan RODECK and Dione Rodeck, Plaintiffs,

v.

Stanley N. OLSZEWSKI, et al., Defendants.

Bankruptcy No. 3–90–00380.
Adv. No. 3–90–0108.

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 21, 1991.

John D. Squires, Dayton, Ohio, for plaintiffs.

Ruth A. Slone, Dayton, Ohio, for defendants/debtors.

Ronald D. Keener, New Lebanon, Ohio, Attorney for defendants, W. Wayne and Mary E. Bell.

Kate A. Oklok, Asst. Atty. Gen., Columbus, Ohio, for defendant, State of Ohio, Bureau of Employment Services.

Thomas B. Talbot, Jr., Dayton, Ohio, for defendant, Frito–Lay, Inc.

Pamela M. Stanek, Asst. U.S. Atty., Dayton, Ohio, for I.R.S.

Carol E. Carlson, Dayton, Ohio, for First Nat. Bank.

## DECISION ON ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING MOTION FOR SUMMARY JUDGMENT IN PART

WILLIAM A. CLARK, Bankruptcy Judge.

■ Before the court is a motion for summary judgment filed by the plaintiffs, Alan Rodeck and Dione Rodeck. The court has jurisdiction to render a decision with respect to part of this proceeding pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district, and is without jurisdiction as to the remaining portion of the proceeding. The portion of the proceeding over which the court has jurisdiction involves a determination of whether certain assets are assets of debtors' bankruptcy estate and is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## PROCEDURAL POSTURE

In their complaint, the plaintiffs, Alan Rodeck and Dione Rodeck, have alleged that, since 1985 and pursuant to an oral agreement, they have owned and operated certain rental properties with the defendants-debtors, Stanley N. Olszewski and Mary M. Olszewski. Plaintiffs have requested the following relief from the defendants-debtors and six other named defendants:

1) a determination that ten real estate parcels are partnership assets under Ohio law;

2) a determination that specific assets of the partnership are exempt under Ohio law from direct attachment by general creditors of the debtors' estate;

3) a determination that the bankruptcy estate's interest in the partnership is personalty consisting only of the right to share in profits and surplus remaining after all debts and liabilities of the partnership are first satisfied;

4) a determination of the cash value of the estate's interest in the partnership and an authorization for plaintiffs to purchase the estate's interest for the fair market value of the interest, free and clear of all claims and liens against the debtors as individuals;

5) a quieting of plaintiffs' title in the real estate against all liens filed against the individual interests of debtors;

6) authorization for the plaintiffs to satisfy general liabilities of the partnership out of any proceeds received from the sale of partnership assets;

7) an order dissolving the partnership.

Plaintiffs have moved for summary judgment and accompanied their motion with their affidavit which essentially states that:

1) since 1985, the plaintiffs and debtors have been associated pursuant to an oral agreement and have operated for profit certain rental properties under the trade name of "Properties Four";

2) plaintiffs and debtors, as co-owners, have purchased, operated, and sold various rental properties. On the date the debtors filed their bankruptcy petition, plaintiffs and debtors held joint title to ten parcels of real estate described in Exhibit A;

3) plaintiffs and debtors have shared equally in the profits and losses of these properties;

4) plaintiffs and debtors have regularly consulted and made business decisions concerning the properties;

5) plaintiffs and debtors have regularly co-mingled all rents and profits from the properties in a business account maintained solely for the partnership under the trade name of "Properties Four." Plaintiffs and debtors were originally each signatories on the business account, but plaintiffs are the only current signatories;

6) none of the claims described in plaintiffs' Exhibit B arose out of the partnership business or operation of "Properties Four."

Plaintiffs' motion for summary judgment is opposed by the United States which asserts that:

a) the partnership did not file a certificate as required by Ohio Rev.Code § 1775.02;

b) the partnership did not keep partnership books as required by Ohio Rev.Code § 1775.18;

c) the properties were not purchased under the partnership name;

d) the partnership did not file a Form 1065 income tax return;

e) the parties did not file Schedule K–1 with their 1040 tax returns.

In the alternative, the United States maintains that if a partnership did exist, the partnership has been dissolved, the debtors' estate has an interest in the real estate in connection with winding up the partnership, and the liens of the Internal Revenue Service are effective against the real estate assets because they represent the debtors' personal property share of the partnership. No affidavit or other material accompanied the "United States' Reply to Plaintiffs Motion for Summary Judgment."

## CONCLUSIONS OF LAW

With respect to summary judgment, Fed. R.Civ.P. 56(c) provides that:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

■ In the present case, it must be emphasized that a primary rule of bankruptcy law is that a partnership is a distinct legal entity, separate and apart from the partners who formed it, and that the Bankruptcy Reform Act of 1978 continued this entity principle. *In re Wallen*, 43 B.R. 408, 410 (Bankr.Idaho 1984); *Dominican Fathers of Winona v. Dreske (In re*

*Dreske* ), 25 B.R. 268, 270 (Bankr.E.D.Wisc. 1982). A partnership is recognized as a "person" by the Bankruptcy Code[1] and may itself be a debtor under § 109, but there is no provision in the Bankruptcy Code authorizing a partnership to jointly file for relief with any other person. *L.D. Fitzgerald v. Hudson (Matter of Clem* ), 29 B.R. 3, 5 (Bankr.Idaho 1982).

■ Pursuant to § 541 of the Bankruptcy Code, commencement of a bankruptcy case creates an estate, and the estate is generally comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Although the debtors, here, have an interest in the partnership and that interest is property of their bankruptcy estate, any property owned by the partnership itself is not considered estate property:

Where the debtor is a member of a partnership, the debtor's interest in the partnership is included in the estate. However, assets held by the partnership itself are not included in the estate. *E.A. Martin Machinery Co. v. Williams (Matter of Newman* ), 875 F.2d 668, 670 (8th Cir.1989).

*Accord, Matter of Pentell,* 777 F.2d 1281, 1285 (7th Cir.1985).

In part this is due to the fact that partners' rights in partnership property are not superior to the rights of partnership creditors. "Until the creditors of the partnership are satisfied, each partner has no right to any distribution from the partnership." *Johnson v. Investment Leasing, Inc. (In re Johnson* ), 51 B.R. 220, 222 (Bankr.Colo. 1985).

■ As a result, assets of a partnership are not administered in the bankruptcy cases of the individual partners. For example, a trustee or a debtor in possession has the power to sell property of a bankruptcy estate as well as the undivided interest of co-owners under § 363, but that power does not include the right to sell an

---

**1.** " 'Person' includes individual, partnership, and corporation, but does not include governmental unit.…" 11 U.S.C. § 101(37).

interest of a co-tenant in a partnership. Thus, a trustee or a debtor in possession lacks authority under § 363(f) to sell partnership property free and clear of the interests of the partnership entity and of the nonbankrupt partners. *In re Manning*, 831 F.2d 205, 211 (10th Cir.1987).[2] While the bankruptcy of any partner causes the dissolution of a partnership by virtue of Ohio Rev.Code § 1775.30, the partnership is not terminated upon dissolution. The partnership continues until a winding up of partnership affairs is completed. Ohio Rev.Code § 1775.29. Thus, the debtors did not acquire a direct interest in the real estate merely because the partnership dissolved; the real estate remains an asset of the partnership pending a winding up of the partnership.

▪▪▪ Therefore, with respect to the requests set forth by the plaintiffs in their motion for summary judgment, the court will find, based upon the unopposed affidavit of the plaintiffs, that the plaintiffs and debtors have been engaged in "an association of two or more persons to carry on as co-owners of a business for profit" and, pursuant to Ohio Rev.Code § 1775.05, have been members of a partnership. In addition, the court will find that the ten parcels of real estate described in Exhibit A are partnership assets, and that the debtors' estate has no *direct* interest in the real estate. Finally, the plaintiffs request this court in their motion for summary judgment to determine the effect on the real estate of certain certificates of judgments filed against the debtors individually. The court finds that the plaintiffs have failed to demonstrate that this court has jurisdiction to determine the effectiveness of liens on

parcels of real estate that are not part of the debtors' bankruptcy estate.

The current grant of bankruptcy jurisdiction to district courts, which is found at 28 U.S.C. § 1334(a)–(b),[3] is extraordinarily broad, *Kelley v. Nodine* (*In re Salem Mortgage Co.*), 783 F.2d 626, 634 (6th Cir. 1986), and, therefore, the present adversary proceeding "need not necessarily be *against* the *debtor[s] or* against the *debtor[s]' property."* *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984) (emphasis supplied). In this circuit, the district court has jurisdiction "whenever the outcome of the proceeding could conceivably have *any effect upon the estate* being administered in bankruptcy." *In re Salem Mortgage Co., supra*, 783 F.2d at 634. It is this court's conclusion that the plaintiffs have not shown that a declaration by this court of the effect of the liens allegedly involving the ten parcels of real estate listed by the plaintiffs, and which are not part of the debtors' bankruptcy estate, would have any effect upon the administration of the debtors' bankruptcy estate. Notwithstanding a broad construction of bankruptcy jurisdiction, it appears that certain aspects of plaintiffs' request for relief in their motion for summary judgment have an "extremely tenuous connection" to the debtors' estate and do not satisfy the jurisdictional requirement. *Id.*

▪▪ It may be that once the partnership is wound up and the liabilities of the partnership are paid, a surplus might exist for the debtors. However, the plaintiffs have made no showing of even the possibility of such a surplus for the debtors. In addition, because of the various types of

---

2. "Section 363(f) provides for sale, under specified conditions, of 'property under subsection (b) or (c) of this section [363] free and clear of any interest in such property of an entity other than the estate.' Sections b and c, in turn, refer only to sale of 'property of the estate' and not to other property. In this case ... the reference to property in section 363(f) applies to the bankrupt's one-fifth undivided tenancy in partnership, which is part of the property of the bankrupt's estate. It does not authorize sale of the real property owned by the partnership, since it is not property of the estate." *In re Manning*, 831 F.2d at 207.

3. 28 U.S.C. § 1334(a) and (b) provide that:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

relief requested, it is not clear to the court whether the plaintiffs are seeking a de facto winding up of the partnership in this court or are attempting some type of partial or hybrid winding up. In any event, even if such proceedings could conceivably have an effect on administration of the debtors' estate, thereby becoming "related to" the debtors' bankruptcy case, Congress' broad grant of bankruptcy jurisdiction is also qualified by the abstention provisions of 28 U.S.C. § 1334(c)(1) and (c)(2) which provide limitations designed to prevent the overextension of bankruptcy jurisdiction: [4]

> Congress wisely chose a broad jurisdictional grant and a broad abstention doctrine over a narrower jurisdictional grant so that the district court could determine in each individual case whether hearing it would promote or impair efficient and fair adjudication of bankruptcy cases.... The degree to which the related proceeding is related to the bankruptcy case, as a practical matter, will doubtless be an important factor in the decision whether to abstain. *Id.* at 635.

Even if the plaintiffs had demonstrated that jurisdiction existed to determine the validity of the liens with respect to non-estate property because of the conceivable effect on estate administration, under the circumstances of this case, this court would have recommended abstention to the district court.[5] Although an elaboration of the abstention doctrine is unnecessary in this case,[6] the most important factor in this proceeding to this court in terms of any

consideration of abstention is that much of the plaintiffs' requested relief would result in circumvention of the bankruptcy policy that treats partnerships and their partners separately:

> Abstention would also be proper, in this Court's view, in a case in which an attempt is made to circumvent the Bankruptcy Code by doing indirectly what cannot be done directly, such as the administration in a chapter 11 case of an ineligible chapter 11 entity, or the use of a chapter 11 case purely as a litigation strategy. *In re First Financial Enterprises, Inc.*, 99 B.R. 751, 754 (Bankr.W. D.Tex.1989).

The Bankruptcy Code does not permit joint filing by a partner and a partnership. But, it appears that the plaintiffs are seeking relief that could be obtained only if such an ineligible filing were permissible. In addition, although it is not completely clear, it appears that the plaintiffs are seeking to gain the benefits of a partnership liquidation without the necessity of either filing a bankruptcy petition on behalf of the partnership or going though a state partnership winding up procedure. It is a cardinal principle of bankruptcy law that bankruptcy's effects do not normally benefit those who have not themselves "come into" the bankruptcy court. *Venture Properties, Inc. v. Norwood Group, Inc. (In re Venture Properties, Inc.)*, 37 B.R. 175, 177 (Bankr.N.H.1984). Neither the partnership itself nor the plaintiffs have "come into" this court in the sense of

---

**4.** 28 U.S.C. § 1334(c) provides that:

(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction....

**5.** "Matters involving abstention come within the general context of subject matter jurisdiction. Questions involving subject matter jurisdiction may be asserted by any party at any time or raised by a court *sua sponte.*" *In re Terracor*, 86 B.R. 671, 677 (D.Utah C.D.1988).

**6.** Section 1334(c)(2) sets forth the circumstances under which abstention is mandatory. Most of the criteria that Congress established for mandatory abstention have been met in this case. "When that occurs, bankruptcy courts should give careful consideration whether it would be appropriate to exercise their discretion to abstain under § 1334(c)(1)." *U.I.U. Health & Welfare Fund v. Levit (In re Futura Industries, Inc.)*, 69 B.R. 831, 833 (Bankr.E.D.Pa.1987).

filing for relief under one of the chapters of the Bankruptcy Code; therefore, this court can perceive no valid reason to permit the administration of the ten parcels of real estate owned by the non-debtor partnership for the ultimate benefit of the non-debtor plaintiffs.

An order in accordance with this decision will be simultaneously entered.

## JUDGMENT ORDER

In accordance with the court's decision, Plaintiffs' motion for summary judgment is GRANTED IN PART; it is, therefore, OR-DERED, ADJUDGED AND DECREED that the parcels of real estate listed in Plaintiffs' Exhibit A are not part of the bankruptcy estate of Defendants–Debtors, but are owned by the partnership of "Properties Four." It is further ORDERED that all other relief sought in the plaintiffs' motion for summary judgment is DENIED.

## EXHIBIT A

SCHEDULE OF REAL ESTATE TITLED IN THE NAMES OF STANLEY N. OLSZEWSKI, MARY OLSZEWSKI, ALAN J. RODECK AND DIONE H. RODECK ("PROPERTIES FOUR")

1. 2105–2109 East Fourth Street (8 Units) (Part of lots 5705 and 5706, City of Dayton) Deed MF 86–0635–B09.

2. 110–112 Park Drive (6 Units) (Part of outlot 66, City of Dayton) Deed MF 86–0672–B10.

3. 1609–1615 East Fifth Street (4 Units) (Part of lots 5063 and 5064, City of Dayton) Deed MF 86–0111–A03.

4. 1141–1143 North Main Street (8 Units + garage) (Lot 13192, City of Dayton) Deed MF 86–0116–A06.

5. 2005 Wayne Avenue (8 Units) (Lot 11025, City of Dayton, et al.) Deed MF 86–0125–D05.

6. 153–155½ South Terry Street (3 Units + garage) (Part lot 3410 and all of lot 3411, City of Dayton) Deed MF 86–0220–C09.

7. 43 East Fairview (5 Units) (Lot 35702, City of Dayton) Deed MF 87–0088–C12.

8. 13–15 North Philadelphia Street, (4 Units) (Lot 15670, City of Dayton) Deed MF 86–0484–D10.

9. 323 Fountain Avenue, (9 Units) (Lots 33188 and 33189, City of Dayton) Deed MF 87–0025–E02.

THE FOLLOWING ADDITIONAL PROPERTY IS BEING SOLD ON LAND CONTRACT TO ROBERT D. BALL AND REBECCA L. HOUCK

10. 1205 Governors Square Drive, Centerville, Ohio (Lot 71 Fox Ridge, Section 5, Washington Township) Deed MF 86–0281–A04.

## EXHIBIT B

a. C.J. No. 37718 in favor of Perfection Biscuit Company, Inc. filed February 26, 1990 at Docket 61, Page 430 against Stanley N. Olszewski aka Stan Olszewski dba Stan's IGA.

b. C.J. No. 36749 in favor of The First National Bank filed January 26, 1990 at Docket 61, Page 188 against Stanley N. Olszewski aka Stanley N. Olszewski, Jr. and Mary M. Olszewski.

c. C.J. No. 36113 in favor of Frito Lay Incorporated filed January 9, 1990 at Docket 61, Page 29 against Stan Olszewski.

d. C.J. No. 31084 in favor of W. Wayne Bell and Mary E. Bell filed April 27, 1989 at Docket 58, Page 571 against Stanley N. Olszewski and Mary M. Olszewski.

e. Federal Tax Lien No. 8901374 (Serial No. 318904540) filed August 23, 1989 against Stanley N. Olszewski, Jr. dba Stans IGA. (See copy attached as Exhibit B.)

f. Ohio Bureau of Employment Services Lien filed October 11, 1988 as MF 88–1713–E05 against Mary M. Olszewski, dba Stans IGA.

g. Ohio Bureau of Employment Services Lien filed April 19, 1989 as MF 89–580–C02 against Mary M. Olszewski, dba Stans IGA.

h. Ohio Bureau of Employment Services Lien filed June 8, 1989 as MF 89–894–

750

A05 against Mary M. Olszewski, dba Stans IGA.