In re Robert E. GUNTER, Debtor.

Paul D. GILBERT, Trustee in
Bankruptcy, Plaintiff,

v.

Sidney O. DAVIS, et al., Defendants.

Bankruptcy No. 3–92–4903.
Adv. No. 93–3213.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Feb. 22, 1995.

Paul D. Gilbert, Dayton, OH, plaintiff/Trustee, pro se.

Raymond O'Neal, Sr., Dayton, OH, for defendants Sidney O. Davis and Helen H. Davis.

Jennings W. Hurt, Jr., Dayton, OH, for Ellsworth Burnett.

Alfred Wm. Schneble, III, Dayton, OH, for debtor.

## DECISION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT

WILLIAM A. CLARK, Chief Judge.

This matter is before the court upon the parties' memoranda of law concerning jurisdiction of the court to entertain plaintiff's complaint and standing of the trustee in bankruptcy to bring this action. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district.

### PROCEDURAL POSTURE

On November 12, 1992, Robert E. Gunter ("Debtor") filed a petition in bankruptcy pursuant to chapter 7 of the Bankruptcy Code. Subsequently, the trustee in bankruptcy filed a complaint against Sidney O. Davis and Helen H. Davis to recover for an alleged breach of a lease under which the Debtor had leased premises to the Davises. The lease, however, which is attached as an exhibit to the trustee's complaint, clearly shows that the lessor of the premises was the "Burnett/Gunter Partnership" and not the Debtor. The complaint also names Ellsworth Burnett as a defendant, alleging that he may also have some interest in the lease contract.

During a pretrial conference it was agreed that the parties would file memoranda of law with respect to the issues of jurisdiction and

standing of the trustee in bankruptcy to bring this action.

### CONCLUSIONS OF LAW

This court has previously addressed the relationship between the estate of a partner who has filed for bankruptcy protection and the assets of a nondebtor partnership. *See Rodeck v. Olszewski (In re Olszewski)*, 124 B.R. 743 (Bankr.S.D.Ohio 1991). Today's decision relies upon the principles and rationale set forth in *Olszewski*.

 At the outset, it must be emphasized that a fundamental rule of bankruptcy law is that a partnership is a distinct legal entity, separate and apart from the partners who formed it, and the Bankruptcy Act of 1978 continued this entity principle. *In re Wallen*, 43 B.R. 408, 410 (Bankr.D.Idaho 1984). Further, a partnership may file for bankruptcy,[1] but there is no provision in the Bankruptcy Code for a partnership to file for relief with any other person. *L.D. Fitzgerald v. Hudson (Matter of Clem)*, 29 B.R. 3, 5 (Bankr.D.Idaho 1982).

 Section 541 of the Bankruptcy Code provides that upon the commencement of a bankruptcy case an estate is created. That estate generally consists of "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1). Here, although the debtor had an interest in the Burnett/Gunter Partnership, and that interest is property of the debtor's bankruptcy estate, any property owned by the partnership, e.g., the lease, is not considered property of the individual partner's estate.

Where the debtor is a member of a partnership, the debtor's interest in the partnership is included in the estate. However, assets held by the partnership itself are not included in the estate. *E.A. Martin Machinery Co. v. Williams (Matter of Newman)*, 875 F.2d 668, 670 (8th Cir.1989).

*Accord, Matter of Pentell*, 777 F.2d 1281, 1285 (7th Cir.1985); *U.S. West Financial*

---

1. A partnership is recognized as a "person" under 11 U.S.C. § 101(37) and may itself be a debtor under § 109 of the Bankruptcy Code.

*Services, Inc. v. Berlin* (*In re Berlin*), 151 B.R. 719, 723 (Bankr.W.D.Pa.1993).

■ This result is due, in part, to the fact that partners' rights in partnership property are not superior to the rights of partnership creditors. "Until the creditors of the partnership are satisfied, each partner has no right to any distribution from the partnership." *Johnson v. Investment Leasing, Inc.* (*In re Johnson*), 51 B.R. 220, 222 (D.C.Colo.1985). Consequently, assets of a partnership are not administered in the bankruptcy cases of the individual partners. *In re Olszewski, supra,* 124 B.R. at 743.[2]

■ It should be noted that the court's refusal to administer the assets of the Burnett/Gunter partnership is not necessarily predicated upon a lack of jurisdiction. The current grant of bankruptcy jurisdiction to district courts is extremely broad.[3] In this circuit, the district court has jurisdiction "whenever the outcome of the proceeding could *conceivably have any effect upon the estate* being administered in bankruptcy." *Kelley v. Nodine* (*In re Salem Mortgage Co.*), 783 F.2d 626, 634 (6th Cir.1986) (emphasis supplied). It is, of course, conceivable that winding up the affairs of the Burnett/Gunter partnership and paying its creditors would result in a surplus that could be distributed to the debtor's estate. Congress, however, has not determined that federal courts *must* resolve every conceivable issue that is within their jurisdiction. Congress has tempered its broad grant of bankruptcy jurisdiction with the equally broad abstention provisions of 28 U.S.C. § 1334(c)(1) and (c)(2).[4]

■ These provisions provide limitations designed to prevent the overextension of bankruptcy jurisdiction:

> Congress wisely chose a broad jurisdictional grant and a broad abstention doctrine over a narrower jurisdictional grant so that the district court could determine in each individual case whether hearing it would promote or impair efficient and fair adjudication of bankruptcy cases.... The degree to which the related proceeding is related to the bankruptcy case, as a practical matter, will doubtless be an important factor in the decision whether to abstain. *In re Salem Mortgage Co., supra,* 783 F.2d at 635.

■ Here, the most important consideration in deciding whether to abstain is that the plaintiff's request for relief would result in a circumvention of the bankruptcy policy that treats partnerships and their partners separately:

> Abstention would also be proper, in this Court's view, in a case in which an attempt is made to circumvent the Bankruptcy Code by doing indirectly what cannot be done directly, such as the administration in a chapter 11 case of an ineligible chapter 11 entity.... *In re First Financial Enterprises, Inc.,* 99 B.R. 751, 754 (Bankr. W.D.Tex.1989).

■ The Bankruptcy Code does not permit a joint filing by a partner and a partnership. Yet, plaintiff is seeking relief that

---

**2.** Nor did the debtor acquire a direct interest in the lease because the partnership may have dissolved under Ohio law. *See* Ohio Rev.Code § 1775.30. The lease remains an asset of the partnership pending a winding up of the partnership. *In re Olszewski, supra,* 124 B.R. at 747.

**3.** 28 U.S.C. § 1334(a) and (b) provide that:
(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

**4.** 28 U.S.C. § 1334(c) provides that:

(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

could be obtained only if such an ineligible filing were permissible. In addition, it appears that the plaintiff is seeking a benefit that could be obtained only by winding up the affairs of the Burnett/Gunter partnership without the necessity of resorting to state winding up procedures.

It is this court's opinion that in order to prevent a circumvention of bankruptcy policy, and in the interest of comity with state courts and respect for state law, as well as the administrative efficiency of this court, the court should not administer any assets of the Burnett/Gunter partnership. Therefore, under 28 U.S.C. § 1334(c)(1), the court will abstain from determining whether the lease entered into by the Burnett/Gunter partnership and the Davises was breached.

Having found that abstention is appropriate, it is hereby ORDERED that plaintiff's complaint is DISMISSED.

IT IS SO ORDERED.