In re Lewis Malcolm **BURNETT** and Jo C. **Burnett.**

**Bankruptcy No. 99–50425 S.**

United States Bankruptcy Court, E.D. Arkansas, Pine Bluff Division.

Nov. 2, 1999.

William Benton, Pine Bluff, AR, for debtors.

M. Randy Rice, Little Rock, AR, for trustee.

Walter Dickinson, Little Rock, AR, trustee.

### ORDER SUSTAINING OBJECTION TO EXEMPTIONS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Trustee's Objection to Exemptions filed on June 11, 1999. Hearing was held on August 3, 1999, and briefing now complete, the matter is properly before the Court.

The debtors filed this chapter 7 bankruptcy case on April 2, 1999. Schedules were filed on April 9, 1999, including Schedule B which listed an interest in "Circle B Farms, a partnership comprised of Joel and Malcolm Burnett, principals," a one-half interest in a Gin Bond valued at 950.00, and a one-half interest in Base Capital Stock at Riceland Foods valued at $4,900.00. Schedule C listed exempt property, including a one-half interest in the Gin Bond and the Stock at Riceland Foods. The trustee objected to the exemptions on the basis that the value exceeds the amount allowed by law, that the value of the property claimed as exempt exceed the value listed in the schedules, and that the debtors were attempting to exempt property belonging to a partnership. Although they may not include partnership property as property of the estate, and thus may not claim an exemption in that property, the debtors have not exceeded the amount of exemptions allowed under the Bankruptcy Code. Accordingly, the trustee's objection will be sustained in part and overruled in part.

### I.

■ The debtors assert that the partnership property became theirs by operation of law inasmuch as the partnership dissolved upon the filing of their individual cases. While it is true that the partnership dissolved by operation of law upon the filing of the partner's bankruptcy, Ark. Code Ann. § 4–42–603(1)(f) (Michie 1987), dissolution does not necessarily vest rights in partnership property in the partners. Rather, the property remains partnership property until the winding up of the partnership and thus is not property of the individual debtor's estate under 11 U.S.C. § 541.

■ The Arkansas Uniform Partnership Act provides that dissolution of a partnership is caused by the bankruptcy of any partner. ArkCode Ann. § 4–42–603(1)(f). Under Arkansas law, dissolution of a partnership is the "change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business...." Ark. Code Ann. § 4–42–601. In this manner, a dissolution may end the fiduciary relationship between the member partners, *see Bane v. Ferguson,* 707 F.Supp. 988 (N.D.Ill.), *aff'd,* 890 F.2d 11 (7th Cir.1989), and may terminate the authority of any partner to act for the partnership, Ark. Code Ann. § 4–42–605, but does not terminate the partnership nor alter the partner's interest in specific partnership property, *see E.A. Martin Machinery Co. v. Williams (In re Newman),* 875 F.2d 668 (8th Cir.1989) (analogous Missouri law); *Firstar Bank Iowa, N.A. v. Magnani (In re Magnani),* 223 B.R. 177, 181 (Bankr. N.D.Iowa 1997) (Iowa law adopting the Uniform Partnership Act). *Rodeck v. Olszewski (In re Olszewski),* 124 B.R. 743, 747 (Bankr.S.D.Ohio 1991). Despite dissolution, ownership of property continues to be vested in the partnership entity and the individual partners hold an interest in the partnership, not the items of property belonging to the partnership. *See Firstar Bank Iowa, N.A. v. Magnani (In re Magnani),* 223 B.R. 177, 181 (Bankr.N.D.Iowa 1997); *Magers v. Thomas (In re Vannoy),* 176 B.R. 758, 770 (Bankr.M.D.N.C.1994).

■ Since the property claimed exempt is not the property of the debtors, but rather, property of a separate entity, the partnership, the debtors may not claim an exemption from partnership property when there is no termination of the partnership. *In re Kuper,* No. 86–00685W (Bankr.N.D.Iowa Aug. 19, 1986) (cited in *Firstar Bank Iowa, N.A. v. Magnani (In re Magnani),* 223 B.R. 177, 181–82 (Bankr. N.D.Iowa 1997)). Although the debtors may exempt their property interest in the partnership if 11 U.S.C. § 522 allows, they are not entitled to exempt any interest in the partnership assets.

## II.

■ Section 522(d)(5) provides for exemption of the "debtor's aggregate interest in any property not to exceed in value $850 plus up to $8,075 of any unused amount of the exemption provided under paragraph (1) of this subsection." The trustee apparently interprets this to limit the debtor's exemption to a maximum of $850 in any one asset. The phrase is not so limiting, however. The initial clause, "debtor's aggregate interest ... not to exceed ... $850," simply means that the total of the exemptions claimed may not exceed $850.

## III.

■ Section 522(d)(5) provides that, in addition to the $850 "wild card" exemption, debtors who have a homestead may utilize up to $8,075 of the unused amount of their homestead exemption. Joint debtor spouses are separately entitled to this exemption. 11 U.S.C. § 522(m). Thus, in this instance both the debtor wife and debtor husband are entitled to an exemption under 522(d)(5) in the amount of $8,925. Since the homestead exemption available to these debtors under section 522(d)(1) exceeds the used portion, *i.e.,* there is a substantial "unused amount," each debtor spouse is entitled to the full $8,925 exemption under section 522(d)(5),

for a combined amount of $17,850.[1] Since the exemptions claimed by the debtors do not exceed this amount, they have not exceeded the exemption amount allowed under the Bankruptcy Code. Based upon the foregoing, it is

**ORDERED** that the Trustee's Objection to Exemptions filed on June 11, 1999, is sustained in part and overruled in part. The debtors may not claim an exemption in the specific assets of the partnership, but are limited to claiming an exemption in the interest in the partnership. Debtors shall file an amended schedule of exemptions within fifteen (15) days of entry of this Order. If any other schedules require amendment based upon changes to the schedule of exemptions, debtors shall make those changes at the same time in order that this case may conclude expeditiously.

**IT IS SO ORDERED.**

---

1. Although it is true that the debtor wife is not a partner, it is unlikely that this will significantly impact the claims of exemption.