In re WALT ROBBINS, INC., Debtor.

CHASE MANHATTAN BANK, Movant,

v.

WALT ROBBINS, INC., Respondent.

Bankruptcy No. 90–12226–AT.
Contested Matter No. 91–321–T.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

June 7, 1991.

Richard E. Lear, Hazel & Thomas, P.C., Washington, D.C., for plaintiff.

Brian R. Seeber, Ginns & Seeber, P.C., Washington, D.C., for debtor.

Valerie P. Morrison, Alexandria, Va., for First Liberty Nat. Bank.

Jana Kay Guggenheim, Friedlander, Misler, Friedlander, Sloan & Herz, Washington, D.C., for Madison Nat. Bank, FWB Bank, Content, Tatusko & Patterson, Chtd.

Arthur F. Lafionatis, Content, Tatusko & Patterson, Chtd., Washington, D.C.

MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This memorandum opinion responds to two motions brought by Chase Manhattan Bank: a motion for a rule to show cause why postpetition transfers should not be declared null and void, and a motion for relief from the automatic stay. Since the two motions involve substantially related issues they will both be dealt with in this opinion. For the reasons stated below, this court denies Chase's motion for a rule to show cause and grants Chase's motion for relief from the automatic stay.

### Facts

The facts involved are undisputed and relatively simple. The debtor, a corporation, holds legal title to realty as trustee under a land trust for the benefit of Walter C. Robbins, Jr. (Robbins). After the debtor's voluntary chapter 11 bankruptcy case was commenced on October 5, 1990, Robbins caused the debtor to execute several deeds of trust against the realty to secure personal debts of his.[1] Chase, another creditor of Robbins, seeks by its motions (1) to set aside the transfers of the deeds of trust, and (2) to obtain relief from the automatic stay so that it might undertake collection against the realty. The issue

---

1. On December 21, 1990, a second priority credit line deed of trust was executed to secure repayment by Mr. Robbins of the principal sum of $750,000.00 owed to Madison National Bank, and a third priority deed of trust was executed to secure similar notes held by Madison, FWB Bank, and First Liberty National Bank in the respective sums of $1,695,000.00, $500,000.00, and $289,852.80. The debtor also executed a fourth deed of trust in favor of Content, Tatusko & Patterson, Chartered, Trustee, ["CT & P"] to secure repayment of sums owed by Robbins to various persons for professional fees. All the deeds were recorded among the land records of Clarke County, Virginia on December 27, 1990, along with a deed of subordination for the fourth priority deed of trust.

underlying these motions is whether Chase should be allowed to gain an interest in the property with priority over the beneficial transferees.[2]

On April 4, 1991, hearing was held on Chase's motion to declare the deeds of trust void. The motion was opposed by the debtor and the transferees. From the bench the court ruled that although the debtor did have a legal interest in the property the automatic stay was not violated since the transfers did not affect the legal title to the property. Alternatively, the court ruled that the transfers were in the ordinary course of business.

Hearing was held on Chase's motion for relief from stay on April 18, 1991. The court reserved entry of orders as to both of Chase's motions pending issuance of this opinion.

*Conclusions of Law*

Although Chase concedes that the legal title to the property has no value to the estate, Chase asserts that the transfers violated the automatic stay provisions of 11 U.S.C. § 362(a)(3) & (4). Conversely, Chase asserts that even though the automatic

stay applies, since the legal title is of no value to the estate cause exists to grant its request for relief to proceed against the property.

The essential position of the debtor and the transferees is that the debtor's legal title is not property of the estate. Therefore, they assert the transfers did not violate the automatic stay.

## PROPERTY OF THE ESTATE

■ Resolution of the motions initially centers around the question of whether the debtor's bare legal title with no beneficial interest in the property became property of the bankruptcy estate pursuant to 11 U.S.C. § 541[3] and subject to the provisions of the automatic stay in 11 U.S.C. § 362.[4]

The transferees have advanced at least two arguments under different provisions of § 541 to assert that the debtor's bare legal title is excluded from property of the bankruptcy estate.

Exclusion under 11 U.S.C. § 541(b)(1).

■ First Liberty National asserts that the debtor's title is excluded by virtue of § 541(b)(1), which excludes from the estate "any power that the debtor may exercise

---

**2.** It appears undisputed that Chase, FWB, Madison, and CT & P are creditors of both Robbins and the debtor. Although First Liberty claims to be a creditor of Mr. Robbins only, and not of the debtor, this factor is irrelevant here.

**3.** The pertinent text of § 541 is as follows:
(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
(1) except as provided in subsections (b) and c(2) of this section, all legal or equitable interest of the debtor in property as of the commencement of the case.
(b) Property of the estate does not include—
(1) any power that the debtor may exercise solely for the benefit of an entity other than the debtor;

(c) ...
(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a

mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.
11 U.S.C. § 541.

**4.** Section 362(a)(3) provides that a petition in bankruptcy operates as a stay against "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Section 362(a)(4) extends to "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). Transfers made in violation of the automatic stay are generally held to be void. *See Maryland Nat'l Mortgage Corp. v. Burns (In re Burns)*, 112 B.R. 763, 765 (Bankr.E.D.Va.1990).

solely for the benefit of an entity other than the debtor." 11 U.S.C. § 541(b)(1). In support of this position First Liberty cites *Loux v. Gabelhart (In re Carriage House, Inc.)*, 120 B.R. 754 (Bankr.D.Vt. 1990). This case dealt with a Vermont real estate business trust held by the debtor as trustee for the benefit of a nondebtor. Faced with the question whether the property held in trust by the debtor came into the debtor's estate the court held:

> [the debtor] holds the legal interest of the Trust in his capacity as trustee, and, as such, this interest cannot come into the bankruptcy estate because property of the estate does not include any power or interest [the debtor] may exercise solely for the benefit of an entity other than himself as a bankruptcy debtor. 11 U.S.C. § 541(b)(1).

*Carriage House*, 120 B.R. at 765.

However, this court declines to apply the *Carriage House* ruling in this case. Instead, I believe the debtor's trustee status here is governed by § 541(d), which expressly provides that property the debtor holds legal title to, but not an equitable interest in, comes into the estate.[5] Thus, under this section the property comes into the estate only to the extent of the debtor's legal title. Nevertheless, legal title comes into the estate. My interpretation is further supported by § 541(a)(1), which includes in the estate "all *legal* or equitable interests of the debtor."[6]

Exclusion under 11 U.S.C. § 541(c)(2).

Next, counsel for FWB Bank and Madison National Bank asserts that because the debtor is restricted from transferring the property except in accordance with the beneficiary's instructions, § 541(c)(2) excludes it from the estate.[7]

However, this provision does not control the analysis. This section operates to exclude from the estate beneficial interests held by the debtor in certain property that are subject to restrictions on transfer. Typically these interests are those associated with spendthrift trusts or ERISA plans. *See Anderson v. Raine (In re Moore)*, 907 F.2d 1476 (4th Cir.1990). In this case the debtor holds legal title, not a beneficial interest. By its terms, then, § 541(c)(2) does not apply to exclude the debtor's legal title from the estate.

AUTOMATIC STAY

■ This court's determination that the legal title of the property becomes property of the estate under § 541 is but the first step in reaching a conclusion here. It must next be determined whether the automatic stay was violated when the debtor executed the deeds of trust and whether cause exists to grant Chase's request to lift the stay.

Chase asserts that the automatic stay applies to proscribe and nullify the transfers made by the debtor at the behest of Mr. Robbins, citing *In re Jones*, 121 B.R. 122 (Bankr.M.D.Fla.1990).

The bankruptcy court in *Jones* dealt with a request for relief from the automatic stay where the debtor held title to property in trust for a nondebtor entity. The operative facts in *Jones* are essentially the same as present here.

The court in *Jones* held first that the legal title to the property became property of the estate and that the automatic stay applied to protect the legal title. Second, the court determined that cause existed to grant relief from the stay since "the debtor's estate derive[d] no benefit from the debtor's ownership, as trustee, of the bare naked legal title to the property." *Jones*, 121 B.R. at 124. The primary rationale set forth by the court was that continuation of the automatic stay would permit nondebtors to benefit from the automatic stay with no resulting benefit to the estate.

This court agrees with the result in *Jones* and adopts it here. The automatic

---

5. For the text of § 541(d) see supra note 3.

6. The various provisions of § 541 can be easily reconciled. In my view, the term "power" in § 541(b)(1) refers to an entity's authority to do an act, such as under a special power of appointment; it does not refer to a trustee's *duty* to act for a beneficiary under the type of trust presented in the instant case. The debtor's bare legal title did pass to the bankruptcy estate under § 541(a) and (d).

7. For the text of § 541(c)(2) see supra note 3.

stay initially applies to prevent Chase from proceeding against the legal title held by the debtor. However, since this bankruptcy estate receives no benefit from this legal interest, the court finds that cause exists to grant Chase's request for relief from the automatic stay.

Although this court now determines that the automatic stay initially applies to prevent collection action against the realty by Chase, it does not follow that the debtor could not voluntarily transfer its title pursuant to its fiduciary duties as trustee. *Jones* did not address the question whether the debtor's consent to transfer the property was a violation of the automatic stay. Indeed, I find that question is simply not an automatic stay issue; rather, the appropriate inquiry of the transfer should proceed under § 363, which deals with the disposition of property of the estate.

SECTION 363

■ Section 363(b) requires any sale out of the ordinary course of business by the debtor in possession to be approved by the court after notice and a hearing.[8] There appears to be no dispute that there was no notice or hearing regarding the transfers. The question, then, is whether the transfers were made in the ordinary course of business.

The bankruptcy code does not define the phrase "ordinary course of business". Chase urges the court to embark upon the traditional two stage inquiry to determine whether the transfers were made in the ordinary course. The inquiry was initially set forth in *Johnston v. First Street Companies (In re Waterfront Companies, Inc.)*, 56 B.R. 31 (Bankr.D.Minn.1985), requiring the bankruptcy court to analyze not only what similar businesses in the debtor's industry do (the horizontal dimension test), but also what creditors would reasonably

expect the debtor to do in the course of it's business (the vertical dimension test, also called the creditors' expectations test). *Waterfront*, 56 B.R. at 34–35. *See also, Burlington Northern R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.)*, 853 F.2d 700, 703–06 (9th Cir.1988); *In re Media Central, Inc.*, 115 B.R. 119, 123–26 (Bankr.E.D.Tenn.1990).

The debtor here, a land development company, holds legal title to the property and pursuant to its fiduciary duty consented to the creation of liens against the property. Certainly the vertical dimension test is satisfied. The parties do not dispute that if the debtor did not perform as instructed, the estate would risk an action against it for violation of its fiduciary duty, potentially depleting the estate with no resulting benefit.

The horizontal test too is satisfied. This court views the horizontal test as encompassing the debtor's position as a trustee. The debtor's compliance with Mr. Robbins's directions can hardly be said to be outside a trustee's usual activity.

CONCLUSION

By separate orders this court will deny Chase's motion requesting that the transfers be declared void and will grant Chase's motion for relief from the automatic stay.

As a postscript, this court notes that certain creditors of Robbins may have improved their position with respect to Chase. His actions in granting the liens gives them priority over Chase in satisfaction of their claims from the property. However, although most of the creditors are also creditors of the debtor, the property at issue belongs beneficially to Robbins. Even if the transactions raise issues of preference of some creditors over others, Robbins has

---

**8.** Section 363 provides in pertinent part:

    (b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

    .    .    .    .    .

    (c)(1) If the business of the debtor is authorized to be operated under section … 1108 … of this title and unless the court orders otherwise, the trustee may enter into transac-

tions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363.

    None of the parties indicate that the court has "ordered otherwise."

not filed for bankruptcy, and this court cannot be concerned with the orderly administration of his personal debts.