**Robert B. LITTNER, Joseph T. Notaro and Daniel R. Notaro, a general partnership d/b/a Private Network Cable System Co., Plaintiffs,**

v.

**Frank McKANIC; Rochdale Village, Inc., a New York Corporation; Inter City Communications, Inc., a New York Corporation; and Cable Science Corporation, a Florida Corporation, Defendants.**

**No. 90 CV 1652.**

United States District Court,
E.D. New York.

Aug. 6, 1991.

---

John C. Schnaufer, Long Island City, N.Y., Crummy, Del Deo, Dolan, Griffinger & Vecchione (David G. Uffelman, of counsel), Newark, N.J., for plaintiffs.

Miller & Korzenik, New York City (Jeffrey Craig Miller, of counsel), for defendant Cable Science Corp.

NICKERSON, District Judge:

Plaintiffs, individuals doing business as Private Network Cable System (Private Network), bring this action alleging various state and federal claims arising out of an alleged breach of a Right-of-Entry Agreement (the Agreement) between plaintiffs' predecessor-in-interest, Satellite TV of Rochdale Associates, L.P. (the Partnership), and defendant Rochdale Village (Rochdale). The Agreement authorized the Partnership to provide cable television services to Rochdale.

Two of the 28 counts in the amended complaint allege that defendant Cable Science Corporation (Cable Science) interfered with the Agreement and with individual contracts between plaintiffs and subscribers.

Cable Science says that plaintiff lacks standing to bring this action and moves for summary judgment (a) on the basis of a default judgment against plaintiffs in *In Re Satellite–TV Services, Ltd.*, Case No. 188–80926–353 (Bankr.E.D.N.Y., Dec. 19, 1989) and (b) on the ground that there exists no genuine issue of material fact and it is entitled to judgment as a matter of law. The default judgment of the bankruptcy court declared that the Agreement was lawfully terminated by defendant Rochdale prior to April 4, 1988. Cable Science says that there can be no inducement to breach where there is no breach and that it did not exist before April 4, 1988.

Plaintiffs move to amend the complaint to add certain defendants and claims and to clarify its standing to bring the action. Plaintiffs also move to vacate the default judgment on various grounds, including lack of subject matter jurisdiction.

I.

Certain of the critical facts are not in dispute. The Partnership was formed on October 31, 1984 as a limited partnership with the purpose of acquiring and developing a master antenna system in Rochdale Village. The partnership was comprised of three limited partners, the individual plaintiffs in this action, and one general partner, Satellite–TV of Rochdale, Inc. (the Subsidiary), a New York corporation and the wholly owned subsidiary of Satellite–TV Services, Ltd. (the Parent), a Maryland corporation. Thomas Balun was president of both the Parent and the Subsidiary.

The Partnership was initially capitalized by contributions of $231,000 from each of the limited partners and $7,000 from the general partner. The Limited Partnership Agreement established that each of the limited partners owned one-third of the equity of the partnership while the general partner was entitled to one percent of the profits as a management fee until the entire initial contribution had been returned to the partners.

On May 16, 1983, the Parent and Rochdale entered into the Agreement which stated that it would be assigned to and performed by the Partnership. On October 31, 1984, the Agreement was indeed assigned to the Partnership. The record con-

tains no evidence that this assignment was fraudulent.

On April 4, 1988, an involuntary bankruptcy petition was filed against the Parent by a creditor. On October 7, 1988, the bankruptcy court granted relief under Chapter 7 and thereafter appointed a trustee.

In May, 1988, Rochdale commenced an adversary proceeding in the bankruptcy court against the Parent and the Partnership seeking a declaratory judgment that Rochdale lawfully terminated the Agreement. In an amended complaint filed in June, 1988, Rochdale added the Subsidiary as a defendant.

In their answers to the complaint and amended complaint, defendants contested the jurisdiction of the bankruptcy court stating that the Agreement was assigned to the Partnership, a distinct entity from the Parent. Defendants thereafter did not participate any further in the action and in September, 1988 defendants' counsel sought and was granted permission to withdraw from the case. No substitute counsel appeared on behalf of defendants.

On December 19, 1988, after defendants' repeated failure to participate in the action, the bankruptcy judge issued a default judgment on behalf of Rochdale. The order stated that the Agreement "was terminated and revoked prior to April 4, 1988, and Rochdale is no longer under any obligation to perform under the [Agreement]."

In May, 1989, the limited partners of the Partnership had a falling out with the general partner, the Subsidiary, and its president Thomas Balun. The limited partners dissolved the Partnership and assigned the partnership assets to a new partnership, Private Network, formed by the limited partners.

## II.

■ The record shows that plaintiffs, formerly the limited partners of the Partnership and now partners of Private Network, have standing to maintain this action. Through assignment they hold an interest in the Agreement which is the source of the dispute.

A bankruptcy court has jurisdiction to hear a matter only if it is a "core proceeding" relating to the bankruptcy, there is consent by the parties, or the bankruptcy court submits its proposed findings of fact and law to the district court for a final order. 28 U.S.C. § 157. There is no dispute that there was neither consent nor a submission of findings to the district court, and therefore that the bankruptcy court had jurisdiction only if the action was a "core proceeding."

"To be a core proceeding, an action must have as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment...." *Acolyte Elec. Corp. v. City of New York,* 69 B.R. 155, 173 (Bankr.E.D.N.Y.1986). The statute granting jurisdiction to the bankruptcy court defines a core proceeding as matters involving the estate or claims arising out of the estate or the bankruptcy. *See* 28 U.S.C. § 157(b)(2).

■ Although the Parent was in bankruptcy and the Subsidiary was the general partner of the Partnership, the Partnership remained a separate entity not subject to the bankruptcy. *Matter of Pentell,* 777 F.2d 1281, 1285 (7th Cir.1985) ("While as a factual matter the bankruptcy of the sole general partner may mean that the limited partnership is effectively bankrupt, partnerships are nonetheless considered separate 'persons' for purposes of the Bankruptcy Code."); *In re Dreske,* 25 B.R. 268, 270 (Bankr.E.D.Wis.1982) ("a partnership is a distinct legal entity separate and apart from the partners who formed it"); *see also* N.Y. Partnership Law §§ 50–51 (McKinney 1988) (rights of partners).

■ The record as it stands shows that the Agreement was assigned to the Partnership, a separate entity, and that therefore the dispute with Rochdale concerning the Agreement was a separate state law issue and not a core proceeding. The bankruptcy court was thus without subject matter jurisdiction to adjudicate it.

**132**

■ Cable Science also contends that even without the default judgment it is entitled to summary judgment. The court may grant summary judgment if the evidence establishes "that there is no genuine issue as to any material fact." Fed. R.Civ.P. 56(c). The burden of making this showing rests on the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The court views the record in the light most favorable to the party opposing the motion, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), and resolves all ambiguities and draws all reasonable inferences in favor of that party. *Donohue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir.1987). "[S]ummary judgment is generally disfavored when the party opposing the motion has not obtained discovery." *Cable Science Corp. v. Rochdale Village*, 920 F.2d 147, 152 (2d Cir. 1990).

■ Cable Science says that Rochdale validly terminated the Agreement after plaintiffs breached it by pirating cable signals, stealing equipment, and failing to provide service. Moreover, Cable Science says that it never induced Rochdale to breach the Agreement with the Partnership.

It is true that this court, in connection with related litigation, concluded that Thomas Balun "perpetrated a fraud on plaintiff [WHT Communications Corp.], as well as others." (Memorandum and Order dated December 8, 1988). But the evidence before this court does not yet permit the conclusion that Rochdale acted as a result of Balun's fraud. Moreover, plaintiffs have submitted documentary evidence, in the form of letters from the president of Cable Science, from which it could be inferred that Cable Science began negotiating with Rochdale in 1986 and thereby induced Rochdale to breach the Agreement in 1988. "It is only where the language *and* the inferences to be drawn from it are unambiguous that a district court may construe the contract as a matter of law and grant summary judgment accordingly." *Id.* at 151 (emphasis in original).

There is a factual dispute as to which party breached the Agreement and, if it was Rochdale that breached, whether Cable Science induced it. The court cannot, on the basis of the record, resolve the two very different accounts presented by the parties. In light of plaintiffs limited opportunity to conduct discovery and the numerous material issues of fact in dispute, summary judgment is premature.

Federal Rule of Civil Procedure 15(a) states that leave to amend a complaint "shall be freely given when justice so requires." There appears to be no prejudice to the parties resulting from plaintiffs' delay in bringing their new claims, and therefore the court grants the motion to amend.

The court grants the motion to vacate the default judgment and denies summary judgment.

So ordered.