Chad Pugatch, Fort Lauderdale, FL, for debtor.

Paul Battista, Fort Lauderdale, FL, for Nationsbank of Virginia.

Steven R. Turner, Attorney/Advisor, U.S. Trustee.

**In re P.M. PALUMBO, Debtor.**

**Bankruptcy No. 92–21651–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

June 24, 1992.

*ORDER DENYING EMERGENCY MOTION FOR CONTEMPT AND FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY*

SIDNEY M. WEAVER, Chief Judge.

**THIS CAUSE** came before the Court on June 17, 1992, upon the debtor-in-possession's Motion for Contempt and for Sanc-

tions for Violation of Automatic Stay. The Court, having heard the arguments of counsel and having reviewed the motion, response and memorandums of law submitted by counsel, hereby makes the following conclusions of fact and law:

The Palumbo Family Limited Partnership (hereinafter "the partnership"), to which P.M. Palumbo (the "debtor") holds 97 percent general and limited partnership interests, filed a voluntary petition under Chapter 11 in the United States Bankruptcy Court for the Eastern District of Virginia, on April 8, 1992. Nationsbank of Virginia, National Association (the "bank") sought to foreclose on real property, located in Virginia, which is owned by the partnership and constitutes its only asset. The Virginia Bankruptcy Court granted relief from the automatic stay to the bank, thereby permitting the bank to pursue its foreclosure of the property. Prior to the foreclosure sale, the debtor filed for relief under Chapter 11 in this Court on April 15, 1992.

The instant dispute centers on whether foreclosing on the partnership's real property violates the automatic stay imposed by the filing of the partner's individual bankruptcy proceeding in this Court.

■ The debtor contends that he has an 11 U.S.C. § 541 equitable interest in the real property since the land is the sole asset of the partnership, in which he holds 97 percent of partnership interests.

In support of his position, the debtor presents case law stating that § 541 may be broad enough to render the debtor partner's interest in the partnership an equitable interest which, thus, becomes part of the debtor partner's estate. *See In re Minton Group,* 27 B.R. 385, 391 (Bankr. S.D.N.Y.1983). However, it is firmly established that the assets of a partnership are not to be administered in a partner's bankruptcy proceeding since a partnership is a separate entity from its partners under bankruptcy law. *See In re Jones,* 121 B.R. 122, 125 (Bankr.M.D.Fla.1990); *In re Dreske,* 25 B.R. 268, 270–71 (Bankr. E.D.Wis.1982); *Littner v. McKanic,* 130

B.R. 129, 131 (E.D.N.Y.1991); *In re Wallen,* 43 B.R. 408, 410 (Bankr.D.Idaho 1984).

In the case of *In re Jones,* the United States Bankruptcy Court for the Middle District of Florida squarely addressed this same issue. *In re Jones,* 121 B.R. at 125. The debtor in that case argued that as a partner of a non-debtor partnership, he held a substantial beneficial interest in the partnership property so as to implicate the automatic stay to the sale of partnership assets within his own bankruptcy proceeding. The Court rejected the debtor's argument and held that the assets of a partnership are not administered in the partner's bankruptcy proceeding, reasoning that a contrary result would ignore the partnership structure, allowing the automatic stay to benefit the debtor partner as well as the non-debtor partners, which would prejudice creditors of the partnership. 121 B.R. at 125. *See also In re Olszewski,* 124 B.R. 743, 746 (Bankr.S.D.Ohio 1991) (ruling that the partners have no right to any distribution from the partnership until partnership debts are fully satisfied).

Although the debtor here has a 97 percent interest in the partnership, as opposed to the debtor in *In re Jones* having a 40 percent interest in his partnership, the *Jones* court found that the degree of the debtor's ownership interest in the partnership is irrelevant to whether partnership property should be afforded stay protection arising out of the partner's bankruptcy proceeding. 121 B.R. at 125. The court stated that considering the extent of a debtor partner's ownership in the partnership would require the court to ignore the separate entity type of ownership chosen by the debtor in conducting his business and would, in effect, cause the court to have to "pierce the 'partnership' veil," which would run counter to the very nature of the partnership form. 121 B.R. at 125.

■ The *Dreske* court further found that the interest held by a partner in a partnership is of a personal property nature, wherein he can demand and receive his interest in the partnership assets after an accounting and payment of the partnership debts. 25 B.R. at 271. Thus, the debtor

partner's interest in the partnership, although part of his bankruptcy estate in the form of a personal property interest, does not extend to an interest of the assets actually held by the partnership. *See also In re Olszewski*, 124 at 746.

Similarly here, the debtor's 97 percent interest in the partnership constitutes property of his bankruptcy estate, however, the actual real property owned by the partnership is not considered to be part of his estate property.

Since the bank, by foreclosing on a partnership asset, would not be violating the automatic stay triggered as a result of the debtor partner's filing for bankruptcy, the Court need not further consider the debtor's arguments regarding contempt and sanctions. For the foregoing reasons, it is hereby:

**ORDERED AND ADJUDGED** that the debtor's Emergency Motion for Contempt and for Sanctions for Violation of Automatic Stay is denied.

**DONE AND ORDERED.**